**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| NICOLE SPECTOR | ) | |
| 10301 Grosvenor Place, Apt. 1401 | ) | |
| North Bethesda, MD 20852 | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| DEPARTMENT ON DISABILITY | ) | |
| SERVICES | ) | |
| 250 E Street SW | ) | |
| Washington, DC 20024 | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Nicole Spector ("Plaintiff" or "Ms. Spector"), through her attorneys at the Clark Law Group, PLLC, hereby alleges as follows:

## NATURE OF ACTION

1.     This is a challenge to Defendant's unlawful discrimination and retaliation against Plaintiff in violation of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et seq*, Section 504 of the Rehabilitation Act of 1973 ("Rehab Act"), 29 U.S.C. § 701 *et seq*., Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.*, and interference and retaliation in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C § 2601 *et seq*.

2.     To remedy the Defendant's discriminatory conduct, Plaintiff seeks back pay, compensatory damages, liquidated damages, attorneys' fees and costs, injunctive relief, and other equitable relief this Court deems appropriate.

## JURISDICTION AND VENUE

3.     All of the allegations contained in the foregoing paragraphs of this Complaint are

incorporated by reference herein as if the same were set forth at length.

4.     The United States District Court for the District of Columbia has original jurisdiction

over the instant action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the

laws of the United States and seeks redress for violations of civil rights.

5.     The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 794a(a), as this matter

involves a civil action by an aggrieved person under the Americans With Disabilities Act

("ADA") and the Rehabilitation Act of 1973 ("Rehab Act").

6.     The Court has subject-matter jurisdiction pursuant to 29 U.S.C. § 2617(a)(2), as this

matter involves a civil action by an aggrieved person under the FMLA.

7.     The Court may properly maintain personal jurisdiction over Defendant because the

Defendant conducts business in the District of Columbia.

8.     Venue is properly laid in the District of Columbia under 28 U.S.C. §1391(b) because a

substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the

District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.     Plaintiff has exhausted her administrative remedies under the ADA and Title VII, when

she timely filed a charge of disability and sex discrimination against Defendant with the U.S.

Equal Employment Opportunity Commission (EEOC) on or about March 24, 2016. [1]

---

[1] Plaintiff filed her charge under her maiden name of Nicole Appleman.

10.   Plaintiff's administrative charge was amended on November 17, 2016 to include retaliation for engaging in protected activity.

11.   On March 10, 2017, the EEOC issued its determination finding that Defendant failed to accommodate Plaintiff for approximately seven months, and retaliated against her for engaging in a protected activity.

12.   After Conciliation failed, the EEOC referred Plaintiff's charge to the United States Department of Justice ("DOJ") for prosecution.

13.   The DOJ issued a Notice of Right to Sue on July 11, 2017.

14.   Plaintiff's Rehab Act and FMLA claims do not require an exhaustion of remedies.

## PARTIES

15.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

16.   Defendant District of Columbia Department on Disabilities Service ("DDS" or "Defendant") is an agency of the District of Columbia which oversees and coordinates services for residents with disabilities through a network of private and non-profit providers in the District of Columbia.

17.   Plaintiff, an employee of Defendant, resides in the Maryland.

18.   Plaintiff began her employment with Defendant on or about March 2, 2009 and, as of the date of this pleading, continues to be employed by Defendant.

19.   Plaintiff is a Medical Liaison Officer employed by Defendant for its Social Security Disability Determination Division ("DDD").

## FACTS

20.   Plaintiff has been diagnosed with myasthenia gravis.

21.   Myasthenia gravis is an autoimmune disorder of neuromuscular transmission characterized by fatigable muscle weakness which can result in acute respiratory failure.

22.   Plaintiff's myasthenia gravis is a disability that it substantially limits the operation of a major bodily function and substantially limits her in one or more major life activities causing chronic muscle fatigue, weakness in the arms and legs, drooping eyelid, blurred vision, slurred speech and other symptoms.

**Defendant Failed to Engage in the Interactive Process**

23.   On March 7, 2016, Plaintiff requested that she be permitted to telework two days a week to accommodate her disability.

24.   Plaintiff provided documentation from her medical providers in support of her request for this accommodation to Defendant.

25.   Prior to this formal request, Darryl Evans, Plaintiff's supervisor, stated that he had no problem with her teleworking and arrangements could be made to get Plaintiff issued a Social Security Administration ("SSA") laptop for telework.

26.   Other nondisabled male employees of Defendant, Robert Cofino (IT Specialist/Program Analyst) and Mr. Evans were permitted to telework with a SSA issued laptop.

27.   On or about March 9, 2016, Defendant summarily denied Plaintiff's accommodation request, without engaging in the interactive process with Plaintiff.

28.    Defendant stated that Plaintiff allegedly did not provide sufficient documentation to prove Plaintiff's medical condition made Plaintiff unable to work in an office environment, despite ample documentation from Plaintiff's medical providers.

29.   On March 14, 2016, Plaintiff, through counsel, sent a letter requesting reconsideration of Plaintiff's accommodation request.

30.   On March 17, 2016, Defendant again denied the accommodation request without engaging in the interactive process.

31.   Defendant asserted that Plaintiff's job description required her to be "in the field daily to conduct annual onsite reviews, conduct onsite orientation and training of new consultative examiners and inspect work sites;" even though, Defendant was aware this was not part of Plaintiff's daily duties which she actually performed.

32.   On April 5, 2016, Plaintiff's counsel reiterated Plaintiff's telework accommodation request, informed Defendant of the inaccuracy of the job description used to determine Plaintiff's telework ineligibility, and informed Defendant of the lack of interactive dialogue on Plaintiff's accommodation request.

33.   On April 6, 2016, Plaintiff overhead a discussion between Mr. Evans and Deborah Bonsack, Deputy Director of Administration, regarding her request for an accommodation where Mr. Evans and Ms. Bonsack joked about the genuineness of Plaintiff's accommodation request.

34.   During this conversation, Ms. Bonsack made light of Plaintiff's accommodation request stating that Defendant gets a complaint from Plaintiff every year, referring to Plaintiff's 2015 discrimination complaint with the EEOC and DCOHR involving her non-selection for a Medical Liaison Position, which resulted in Plaintiff being placed in her current position with back pay.

35.   Ms. Bonsack, in this conversation with Mr. Evans, belittled Plaintiff's disability, saying "how does she [Ms. Spector] have the ability to do her job if fatigue is such an issue?"

36.   Ms. Bonsack also mentioned that it was inappropriate for Plaintiff to be permitted to telework when she [Ms. Bonsack] worked very long hours, including nights and on weekends.

37.  On or about April 7, 2016, Plaintiff provided Defendant additional medical documentation on her need for telework accommodation for Plaintiff's disability

38.  This additional medical documentation showed that the telework accommodation was necessary to avoid worsening Plaintiff's condition resulting from prolonged activity requiring mental and physical energy, and the documentation specified Plaintiff's need for structured breaks, low stress work environment and reduced travel.

39.  On April 12, 2016, Plaintiff was provided with a copy of her job description at the time, and it did not state "daily work in the field" as an essential job function.

40.  On April 13, 2016, over a month after Plaintiff's request for accommodation, a meeting was held with Defendant to discuss Plaintiff's accommodation request.

41.  Defendant stated that Plaintiff's job description was inaccurate, and Defendant indicated there would need to be a desk audit of Plaintiff's job description before responding Plaintiff's request for an accommodation.

42.  On April 22, 2016, Mr. Evans informed Plaintiff that SSA would agree and approve Plaintiff working remotely with a SSA issued laptop.

**After Being Denied Accommodation, Ms. Spector Requested
FMLA Leave, But Was Unlawfully Denied**

43.  On May 13, 2016, Ms. Spector's medical provider recommended she stop working because her symptoms were worsening due to the lack of work place accommodations.

44.  On May 13, 2016, Ms. Spector was forced to request FMLA leave due to Defendant's failure to accommodate her disability.

45.  On June 8, 2016, Defendant denied Ms. Spector's request for FMLA leave because Defendant erroneously claimed Plaintiff did not qualify for FMLA.

46.   On June 15, 2016, Defendant changed its stated reason for denying the request for FMLA leave.  Defendant asserted that her FMLA her application statement that "I am able to perform the essential function of my job with reasonable accommodation, but my employer is refusing to make one" precluded her from seeking FMLA.

47.   On June 3, 2016, the District of Columbia Government District Personnel Manual was revised to allow District of Columbia employees two days per work week of telework.

48.   On July 14, 2016, Plaintiff renewed her request for FMLA leave and her request for telework accommodation.

49.   On July 22, 2016. Defendant once again denied Plaintiff's telework accommodation request.

50.   On September 9, 2016, Defendant finally approved Plaintiff's telework accommodation request.

51.   Ms. Spector was on leave without pay from May 13, 2016 to October 17, 2016.

52.   During the period Ms. Spector was on leave without pay, she suffered from continued stress about possibly being terminated while on leave because Defendant did not grant her job protected leave under the FMLA.

53.   Ms. Spector was out of work for over seven months without pay from May 13, 2016 to October 17, 2016 due to Defendant's failure to provide accommodations for Plaintiff's disability.

**<u>After Finally Granting Her Accommodation Request,
Defendant Began Retaliating Against Ms. Spector</u>**

54.   On October 3, 2016, Plaintiff was informed that she was being reclassified from a CS-12 to a CS-11; thus, demoting Plaintiff.

55.   Defendant also removed some of Plaintiff's duties.

56.  The reclassification was done without a desk audit and without input from Plaintiff.

57.  This reclassification from CS-12 to CS-11 was a violation of a previous settlement agreement between Plaintiff and Defendant resulting in Plaintiff's promotion to CS-12 step 2 effective June 30, 2014.

58.  On November 16, 2016, Ms. Spector was issued a 2015-2016 Annual Performance Review, rating Plaintiff at 3.48 out of 5, lower than any rating received in previous years.

59.  Plaintiff went from being categorized as "Highly Effective" in her two prior performance reviews to the lower category of "Valued Performer" on her 2015-2016 Annual Performance Review.

60.  Plaintiff's 2015-2016 Annual Performance Review was impacted by her absence from work and the review referenced missed trainings which had occurred during Plaintiff's absence from work; even though, Plaintiff's absence had been due to Defendant's refusal to accommodate Plaintiff's disability.

61.  Furthermore, under the FMLA, Plaintiff's absences should not have been considered in her appraisals.

62.  On November 28, 2016, Defendant finally issued Plaintiff a SSA laptop to enable her to telework.

63.  Defendant intentionally delayed issuing Plaintiff a SSA laptop, which prevented Plaintiff from accessing information on the SSA database necessary to perform the essential components of her job while Plaintiff was teleworking.

64.  Since late November 2016, Defendant has significantly decreased her job duties and responsibilities.

65.  Mr. Evans has also limited work-related communications and insolated Plaintiff at work; thus, making it difficult for Plaintiff to do her job.

## COUNT I: VIOLATION OF THE ADA AND REHAB ACT– DENIAL OF REASONABLE ACCOMMODATIONS

66.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

67.  Defendant's conduct as alleged at length herein constitutes discrimination based on disability in violation of the ADA and the Rehab Act.

68.  Plaintiff is disabled.

69.  Plaintiff requested accommodations for her disability.

70.  Plaintiff was and is able to perform the essential functions of her job with reasonable accommodation, but Defendant refused to accommodate Ms. Spector in violation of the ADA and the Rehab Act.

71.  Defendant denied Plaintiff's requests for several months without any engagement in the interactive process.

72.  Defendant refused to accommodate Plaintiff's disability in a manner that would allow her to perform the essential duties of her job for seven months.

## COUNT II: VIOLATION OF TITLE VII - SEX DISCRIMINTATION

73.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

74.  Defendant's conduct as alleged at length herein constitutes discrimination based on sex in violation of Title VII.

75.  Defendant permitted similarly situated male employees to telework while Plaintiff (female) was denied the ability to telework.

76.   Defendant intentionally discriminated against Plaintiff because of her sex in the terms and conditions of the employment relationship between Plaintiff and Defendant.

77.   Defendant knew that its actions constituted unlawful discrimination on the basis of sex and showed willful and/or reckless disregard for Plaintiff's statutorily protected rights.

## COUNT III: RETALIATION- ADVERSE ACTION

78.   All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

79.   The Defendant's conduct as alleged at length herein constitutes retaliation in violation of the ADA, Rehab Act, and Title VII.

80.   Ms. Spector engaged in protected activity on March 7, 2016 when she requested an accommodation for her disability.

81.   Ms. Spector engaged in protected activity on or about March 24, 2016 when she filed a charge of discrimination with the EEOC.

82.   Ms. Spector engaged in protected activity on or about July 14, 2016 when she renewed her request for an accommodation for her disability.

83.   Defendant retaliated against Plaintiff for engaging in protected activity in violation of the ADA, Rehab Act, and Title VII in the form of a reclassification from a CS-12 to a CS-11.

84.    Defendant retaliated against Plaintiff by giving Ms. Spector a low rating on her 2015-2016 Annual Performance Review.

85.   Defendant retaliated against Plaintiff by delaying in the issuance of an SSA laptop, which prevented Plaintiff from accessing the SSA database while teleworking which was an essential component of Plaintiff's job.

86.   These actions constitute tangible and adverse employment actions.

87.  These actions were materially adverse to Plaintiff because they would dissuade a reasonable employee from making or supporting a charge of discrimination.

88.  The retaliation interfered with Plaintiff's terms, conditions, and privileges of employment and interfered with Plaintiff's work.

## COUNT IV: RETALIATION – HOSTILE WORK ENVIRONMENT

89.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

90.  The Defendant's conduct as alleged at length herein constitutes retaliation in violation of the Rehab Act.

91.  Ms. Spector engaged in protected activity on March 7, 2016 when she requested accommodations.

92.  Ms. Spector engaged in protected activity on or about March 24, 2016 when she filed a charge of discrimination with the EEOC.

93.  Ms. Spector engaged in protected activity on or about July 14, 2016 when she renewed her request for an accommodation for her disability.

94.  Defendant continued to subject Plaintiff to a hostile work environment in retaliation for engaging in protected activity in violation of the Rehab Act.

95.  Defendant has decreased Plaintiff's job responsibilities and duties in retaliation for engaging in protected activity.

96.  The hostile work environment continues to interfere with Plaintiff's terms, conditions, and privileges of employment and interfere with Plaintiff's work.

97.  These actions were materially adverse to Plaintiff because they would dissuade a reasonable employee from making or supporting a charge of discrimination.

98.  Defendant knew or should have known of the hostile work environment and failed to take effective remedial action.

## COUNT V: VIOLATION OF THE FMLA - INTERFERENCE

99.  All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

100. Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

101. Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

102. Plaintiff was "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

103.  On May 13, 2016, Plaintiff requested FMLA leave.

104. On June 8, 2015, Defendant unlawfully denied Plaintiff's FMLA leave request.

105. On June 15, 2016, Defendant unlawfully denied Plaintiff's FMLA leave request.

106. Plaintiff was unlawfully denied job-protected leave under the FMLA.

107. Plaintiff was prejudiced by Defendant's unlawful denial of FMLA leave because she was in emotional distress caused by fear of being terminated while on non-protected leave.

## COUNT V: VIOLATION OF THE FMLA - RETALIATION

108. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

109. Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

110. Plaintiff is an "eligible employee" as that term is defined in the FMLA, 29 U.S.C. § 2611(2).

111. Plaintiff was "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

112. On May 13, 2016, Plaintiff requested FMLA leave.

113. On July 14, 2016, Plaintiff requested FMLA leave.

114. On October 3, 2016, Defendant demoted Plaintiff from a CS-12 to a CS-11.

115. By demoting Plaintiff, Plaintiff was denied restoration to the same or equivalent position as prescribed in FMLA.

116. Defendant demoted Plaintiff in retaliation for requesting FMLA leave.

117. Defendant was subjected to retaliation by giving Ms. Spector a low rating on her 2015-2016 Annual Performance Review.

118. Defendant's performance review took into consideration Ms. Spector's absences that should have been protected under the FMLA, thereby violating the statute.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court grant the following relief:

A.   Entry of judgment in favor of Plaintiff against Defendant;

B.   Back pay;

C.   Compensatory damages pursuant to the ADA, Rehab Act, and Title VII;

D.   Liquidated damages pursuant to the FMLA;

E.   Attorney's fees and costs; and

F.   Other such relief as may be appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated: September 13, 2017

Respectfully submitted,


/s/ Denise M. Clark
Denise Clark (420480)
Jude Nwaokobia (1044092)
Clark Law Group, PLLC
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
dmclark@benefitcousnel.com
jnwaokobia@benefitcounsel.com
202-293-0015 Phone
202-293-0115 Fax
*Counsel for Plaintiff Nicole Spector*